IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Antoine Darden,<br>Petitioner,<br>v.<br>B. Von Blanckensee,<br>Respondent. | No. CV-18-00541-TUC-JGZ<br>**ORDER** |

Before the Court is Magistrate Judge Jacqueline Rateau's Report and Recommendation (R&R) recommending that the District Court deny Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Petitioner has filed an objection and, relatedly, a 28 U.S.C. § 2247 Motion asking the Court to accept as true that Petitioner owns a master lock purchased in 2013. After reviewing the record, the Court will overrule Petitioner's objections and adopt Judge Rateau's R&R. The Court will also deny Petitioner's Motion filed pursuant to 28 U.S.C. § 2247.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . .

. of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

## DISCUSSION

As stated in the R&R,[1] Petitioner is currently serving a 600-month sentence for Conspiracy to Produce Child Pornography and Tampering with a Witness, Victim, or Informant. On December 29, 2017, a Bureau of Prisons officer found a homemade weapon—a "lock-n-sock"—in the back compartment of Petitioner's secured locker. Petitioner was notified of his charge for possessing an instrument that might be used as a weapon that same day. The case was referred to a Discipline Hearing Officer (DHO). In advance of Petitioner's hearing before the DHO, he was advised of the rights he would have at the hearing, and he indicated that he understood those rights. Although he was advised that the DHO might call witnesses who were reasonably available and had information relevant to the charges, Petitioner waived his right to call witness and his right to have staff representation.

At the disciplinary hearing on January 10, 2018, the DHO considered the report prepared by the officer, as well as a photograph taken of the weapon, a memorandum prepared by a senior correctional officer describing the search, and a memorandum detailing chain of custody. The record reflects that Petitioner made no statements denying that the weapon was his or indicating that someone else might have placed it in his locker. At the conclusion of the hearing, the DHO found that Petitioner had committed the charged act, and Petitioner was sanctioned with the loss of 41 days of good time credit. Petitioner was advised of the findings, specific evidence relied on, and reason for the disciplinary action, as well as of his appeal rights. Petitioner then exhausted his administrative remedies and brought this action before the Court.

The R&R concluded that the hearing before the DHO and outcome did not violate Petitioner's due process rights. A prisoner has the right to five procedural safeguards in a proceeding that might result in the loss of good time credits: 1) the right to receive

---

[1] All facts contained in this summary appear in the R&R, as well as in Doc. 12-2.

written notice of the charges at least 24 hours before the disciplinary hearing; 2) the right to call witnesses, unless it would be unduly hazardous; 3) the right to assistance in preparing and presenting a defense to the charges; 4) the right to a copy of the disciplinary findings; and 5) the right to a hearing before a sufficiently impartial decision maker. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). Due process requirements are satisfied where the DHO relies on "some evidence in the record" to decide to revoke good time credits. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56; *see also Lane v. Salazar*, 911 F.3d 942, 951 (9th Cir. 2018).

Petitioner first objects to Magistrate Judge Rateau's finding that he received adequate notice, required under *Wolff*, of the charges against him, because the report did not "divulge any fact that revealed how he [the officer] determined that the Petitioner and not his cell mate constructively possessed the purported locker." (Doc. 22, pg. 2.) The record reflects that Petitioner received a copy of the incident report, just hours after the weapon was discovered. Petitioner knew, at the very least, that the officer had recovered the weapon from Petitioner's locker, and despite having the opportunity to present witnesses and contest the evidence presented to the DHO, Petitioner provided no explanation as to why the weapon might belong to anyone else. And Petitioner now points to no evidence presented to the DHO that he was unprepared to defend against by virtue of having received only the officer's report and no more.

Petitioner next objects to the Magistrate Judge's finding that the DHO's decision to revoke his good time credits was supported by "some evidence." Petitioner's main arguments supporting this objection are that the decision made in his case was supported by less evidence than was presented in *Superintendent*, and that the officer who searched his locker never explained why he expected to find a weapon inside. The "some

evidence" standard, however, is flexible, and the report provided by the officer of a weapon found inside of Petitioner's locker, as well as the memoranda describing the search and detailing the chain of custody, satisfied that standard. Petitioner does not describe what additional evidence might reasonably have been presented in a case such as this, short of video surveillance monitoring all activity around the locker or a fingerprint test run on the weapon—either of which might have provided stronger evidence in either direction but neither of which was required in light of what was presented. As for Petitioner's second argument, the officer was not obligated to provide a reason for having searched Petitioner's locker. Petitioner does not assert that he had a cognizable privacy interest in the space.

Petitioner further argues that his due process rights were violated when he was denied access to his central file, which might have contained exculpatory information. Petitioner makes this argument for the first time in his 28 U.S.C. § 2241 motion, without actually submitting any of the documents he alleges were contained within the file. The record does not reflect that he made any argument at his DHO hearing to the effect that the locker did not belong to him, or that his cell mate had open access to the locker even if it was in Petitioner's name. The record also does not reflect that Petitioner asserted at any point that he had been denied critical documents that might have been used in his defense—nor does Petitioner argue even now that he made such an assertion, reflected in the record or otherwise.

Finally, Petitioner argues, by way of a 28 U.S.C. § 2247 motion, that the Court should accept a 2013 receipt of purchase for a master lock, and a 2015 inventory reflecting a master lock, as "irrefutable evidence of the fact that petitioner still owns the master lock that he purchased in 2013," which he argued at the DHO hearing did not look like the lock presented to the DHO. (Doc. 24.) 28 U.S.C. § 2247 states that "[o]n application for a writ of habeas corpus documentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous similar application by or in behalf of the same petitioner, shall be

admissible in evidence." Even accepting Petitioner's submission, the receipt and inventory from years preceding the incident do not negate the finding that a "lock-n-sock" weapon was recovered in his locker. As argued by Responded, "[t]he Bureau was not required to establish that Petitioner purchased the items to make the 'lock-n-sock,' merely that he possessed it." (Doc. 25, pg. 2.)

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

## CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation (Doc. 21) is ADOPTED.

IT IS FURTHER ORDERED that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's Motion under 28 U.S.C. § 2247 (Doc. 24) is GRANTED.

IT IS FURTHER ORDERED that a Certificate of Appealability in this case is

DENIED.

The Clerk of the Court shall enter judgment accordingly and close the file in this action.

Dated this 30th day of October, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge